```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND
_____
                                      )
JAMES N. HUTCHERSON, JR., et al.,     )
                                      )
                                      )
        Plaintiffs,                   )
                                      )
v.                                    ) Case No.: 8:08-cv-03044-RWT
                                      )
CHAE Y. LIM,                          )
                                      )
        Defendant.                    )
_____ )
```

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR NEW TRIAL**

Defendant, WMATA Transit Police Officer Chae Y. Lim, hereby opposes Plaintiffs' Motion for a New Trial. Plaintiffs' motion fails to set forth any legal or factual basis for granting a new trial for the following reasons.

I. <u>The Court Properly Admitted Defendant's Exhibit 3 As a Business Record, Made For Medical Diagnosis Or Treatment, The Foundation For Which Was Provided By Dr. Manning Of Medisyn Provider Network</u>.

In Section I of their motion, Plaintiffs argue that the Court erred in admitting Defendant's Exhibit 3, the medical record reflecting the "Final Evaluation" of Plaintiff at the Medisyn Provider Network on November 21, 2007. The Court admitted this medical record during the testimony of Dr. Manning, who was called by Plaintiff and who was one of the physicians at Medisyn Provider Network who treated Mr. Hutcherson in the October—November 2007 timeframe.

Contrary to Plaintiffs' hearsay argument, the Court properly admitted Exhibit 3 as a medical and business record. Fed. R. Evid. 803(4) provides that "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms . . ." are admissible as exceptions to the hearsay rule.  Fed. R. Evid. 803(6) in turn provides that records kept in the ordinary course of business are not excluded by the hearsay rule, and thus are admissible, if it is shown that it was the regular practice of the business activity to make that report.  Defendant established through the cross-examination of Dr. Manning that it was the practice at Medisyn Provider Network to keep such records for each patient visit.  The fact that Mr. Hutcherson was seen on November 21, 2007 by Dr. Harding, one of Dr. Manning's colleagues, and not Dr. Manning, does not take away from the fact that Dr. Manning could, and did, lay the appropriate foundation for the admission of Exhibit 3 as a medical and business record.

Plaintiffs also claim that this Exhibit contains hearsay within hearsay where it contained an admission by Mr. Hutcherson that his condition had improved, leading to his discharge.  The simple fact is that the referenced admission by Mr. Hutcherson is precisely that: an admission by a party opponent, which is not hearsay under Fed. R. Evid. 801(d)(2).

Plaintiffs' other arguments on this issue merit only brief response.  Contrary to Plaintiffs' argument, Plaintiffs offered, and the court admitted into evidence, the Initial Evaluation from Medisyn Provider Network (Plaintiffs' Exhibit 4) based on the testimony of Dr. Manning.  See Docket Entry 82 (Plaintiffs' Exhibit List).  Thus, Plaintiffs' argument at page 6 that "the Court would not have allowed Plaintiffs to admit such records" is without merit.  Nor can Plaintiffs claim unfair surprise from the admission of Defendant's Exhibit 3 because Plaintiffs listed Mr. Hutcherson's medical records as a potential exhibit in the Joint Pretrial Statement.  Moreover, Plaintiffs' complaint at page 5 that they did not have notice that WMATA intended to rely on the medical record instead of utilizing the videotape deposition of Dr. Abend is of no merit.  The day before the conclusion of the evidence, counsel for Defendant advised the court and counsel for Plaintiffs that no final decision had been made with respect to playing the videotape of Dr. Abend's de bene esse deposition.  Plaintiffs had the opportunity to play the tape of Dr. Abends' testimony, but elected not to utilize it.  In summary, the court did not err in admitting Defendant's Exhibit 3.  Assuming, arguendo, that there was any such error, this constituted harmless error, particularly in light of Dr. Manning's testimony.

II. <u>The Jury's Verdict Was Consistent With The Evidence, Supported By Substantial Evidence, And In No Way Should Shock The Court's Conscience</u>.

At pages 7-8 of their Motion, Plaintiff's argue, in three very brief Sections (II, III, and IV), that they are entitled to a new trial because the jury's verdict was inconsistent, against the weight of the evidence, and should otherwise "shock the Court's conscience." None of these overlapping arguments have merit.

As a threshold matter, Plaintiffs waived any challenge raising alleged inconsistency in the verdict by not raising it before the jury was dismissed. <u>See</u> <u>Austin v. Paramount Parks, Inc</u>., 195 F.3d 715, 726 (4th Cir. 1999) ("a litigant's failure to raise an inconsistency before the jury is discharged renders Rule 49(b) inapplicable and thus precludes that litigant from relying upon the inconsistency to challenge an adverse disposition"); <u>White v. Celotex Corp</u>., 878 F.2d 144, 146 (4th Cir. 1989) ("Proper respect for the Rule [49] mandates that failure to bring any purported inconsistencies in the jury's verdict to the attention of the court prior to the release of the jury will constitute a waiver of a party's right to seek a new trial").

Assuming, <u>arguendo</u>, that the Court finds that Plaintiff has not waived its argument of inconsistency, Defendant further notes that Plaintiff's Motion for a New Trial was filed on

4

September 7, 2012, 29 days after the date of the jury's decision.  Fed. R. Civ. P. 59(b) requires that any such motion be filed within 28 days after entry of the judgment.  Although no judgment order was entered, this rule should not be construed to allow Plaintiffs an unlimited amount of time to file their motion. Defendant suggests that the 28-day period of Rule 59(b) be applied in this instance to render Plaintiffs' entire motion untimely.

    Contrary to Plaintiffs' argument, the jury's verdict was consistent.  Although the jury found for Plaintiff James Hutcherson on liability for his assault and battery claim, it is clear from the verdict, and consistent with the evidence, that the jury decided either that he was not injured, or otherwise failed to prove any compensatory damages, or both.  Ample evidence supports Defendant's position.  Plaintiffs failed to introduce any evidence of any medical bills.  Perhaps most significantly, the videotape testimony of Mr. Hutcherson's treating doctor, Dr. Donald E. Thomas, Jr., undermined Plaintiffs' primary claim of a partial rotator cuff tear.  When asked by counsel for Plaintiffs whether Mr. Hutcherson's partial rotator cuff tear came from trauma or from degenerative disease, Dr. Thomas replied:

> There are several possibilities.  Number one, it could be his osteoarthritis because he certainly had osteoarthritis of the acromial clavicular joint, which commonly would do it.  It could also be due to his rheumatoid arthritis which

>can cause inflammation of the tendon and make the tendon weak.  And then, three, it could have been due to injury.  Because he did tell me about some—an altercation with a policeman and that he injured his shoulder through that.

(Thomas Depo. at 21-22).  Thus, even Mr. Hutcherson's primary treating doctor for his preexisting conditions could not say to a reasonable degree of medical certainty or probability that the incident in issue caused his primary medical complaint, the partial rotator cuff tear.  Based on Plaintiffs' total failure of proof of damages, together with the differing accounts of the incident itself, the jury was well within its discretion to decide not to award any compensatory damages.

At page 7 (Section II) of their motion, Plaintiffs raise the issue of nominal damages.  Plaintiffs state in this brief section that "[t]here are however, three decisions from the Maryland Court of Special Appeals upholding a zero verdict but they are not on point with the instant case."  Plaintiffs failed to cite these cases, and counsel for Plaintiffs has not responded to the undersigned's request that these citations be provided to him.

Although there is no basis for any new trial on damages, there is Maryland and Fourth Circuit case law standing for the proposition that a court should simply add a nominal damages award of one cent or one dollar under certain circumstances where a jury has found for the plaintiff on certain types of claims.  In Mason v. Wrightson, 205 Md. 481, 109 A.2d 128

6

(1954), a night club patron sued a Baltimore City police officer for assault and battery and false imprisonment. Following a bench trial, the trial judge held that the plaintiff failed to prove pecuniary loss and that any wrong done was merely a technical wrong. The Court of Appeals held that the plaintiff was only entitled to a nominal damages award of one cent. 205 Md. at 489, 109 A.2d at 132. Significantly, the Court of Appeals merely directed the award of one cent, and did not order a new trial on damages.

In <u>Green v. Washington Suburban Sanitary Commission</u>, 259 Md. 206, 269 A.2d 815 (1970), the plaintiffs were landowners who appealed a directed verdict for the defendants in an action including claims of trespass, assault and battery, and false imprisonment. With respect to a nominal damages award against defendant Smith of one cent for assault, the Court of Appeals stated:

> An assault is one of those technical invasions of a person's bodily integrity which entitles him at least to nominal damages. He is not entitled to an additional compensatory award unless he can show actual damages from either demonstrable bodily injury or some form of humiliation, or pain and suffering. <u>Bugg v. Brown</u>, 251 Md. 99, 103-06, 246 A.2d 235 (1968); <u>Mason v. Wrightson</u>, 205 Md. 481, 488-89, 109 A.2d 128 (1951) . . . . The plaintiffs have shown us no authority which suggests that actual damages, however intangible, can be awarded without some proof, suggestion, inference or basis in fact indicating more than a technical violation of the plaintiffs' rights.

259 Md. at 217, 269 A.2d at 822. <u>See also</u> <u>Cottman v. State of Maryland</u>, 51 Md. App. 380, 443 A.2d 638 (1982) (where the

7

plaintiff alleged breach of an agricultural lease, and the trial court held that the plaintiff suffered no damages, the Court of Special Appeals ordered entry of judgment for one cent for the plaintiff).

Fourth Circuit precedent is similar. In Norwood v. Bain, 143 F.3d 843 (4th Cir. 1998), the plaintiffs challenged, under 42 U.S.C. § 1983, the constitutionality of a stop and search checkpoint at a motorcycle rally. The district court granted declaratory relief, but denied damages. The Fourth Circuit vacated the portion of the district court's decision denying any monetary relief, and remanded for an award of nominal damages not to exceed one dollar. 143 F.3d at 856. In Price v. City of Charlotte, 93 F.3d 1241 (4th Cir. 1996), an action arising under 42 U.S.C. § 1983, and involving a claim by police officers challenging the constitutionality of promotions practices, the court reversed the award of compensatory damages and awarded the plaintiffs one dollar in nominal damages. See also Park v. Shiflett, 250 F.3d 843, 854 (4th Cir. 2001)("[I]n a case in which a plaintiff's civil rights are found to have been violated, it is appropriate to award nominal damages. . . . A plaintiff's failure to prove compensatory damages results in nominal damages, typically one dollar.").

In view of the foregoing precedent, in the instant case assuming, arguendo, that Mr. Hutcherson is entitled to any

relief at all, it is simply for the court to enter judgment for nominal damages of one dollar in his favor on his assault and battery claim.  Plaintiffs are entitled to nothing on the loss of consortium claim, as the jury found in Defendant's favor on this claim.

## CONCLUSION

For the foregoing reasons, Defendant requests that Plaintiff's Motion for a New Trial be denied.

```
                              /s/ Gerard J. Stief_____
                              Gerard J. Stief #02697
                              Senior Associate General Counsel
                              WMATA
                              600 Fifth Street, N.W.
                              Washington, D.C. 20001
                              202-962-1463 (phone)
                              202-962-2550 (fax)
                              gstief@wmata.com
                              Attorney for Defendant Lim
```

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Opposition was electronically transmitted this 24th day of September, 2012 to:

Anitha Johnson
6525 Belcrest Road, Suite 612
Hyattsville, MD 20782

                                              /s/ Gerard J. Stief
                                              Gerard J. Stief