IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**JAMES N. HUTCHERSON, JR.,** *et al.*,   *

  *

Plaintiffs,   *

  *

v.   *   Case No. RWT 8-cv-3044

  *

**CHAE Y. LIM,**   *

  *

Defendant.   *

## MEMORANDUM OPINION

On August 9, 2012, following a three-day jury trial, the jury returned a verdict finding that the Plaintiff, James N. Hutcherson, Jr. ("Hutcherson"), had proven his claim of assault and battery against the Defendant, Chae Y. Lim ("Officer Lim"), an officer for the Washington Metropolitan Area Transit Authority ("WMATA"). *See* Jury Verdict ¶ 1, ECF No. 90. The jury awarded zero dollars in compensatory damages to Hutcherson for his assault and battery claim. *Id.* ¶ 3. The jury found that Hutcherson and his wife, co-Plaintiff Sharon T. Hutcherson, failed to prove their claim of loss of consortium against Officer Lim. *Id.* ¶ 2.

On September 7, 2012, twenty-nine days after the jury returned its verdict, the Plaintiffs filed a Motion for a New Trial on damages only, pursuant to Rule 59 of the Federal Rules of Civil Procedure.[1] Pls.' Mot. for New Trial at 1, ECF No. 92. Hutcherson claims that a new trial is warranted because (1) the Court improperly admitted into evidence a final medical evaluation from his physician; and (2) the jury verdict of zero damages was inconsistent on its face, was against the weight of the evidence, and should "shock the conscience" of the Court. *Id.* at 7-8.

---

[1] "A motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). The Court had not entered judgment prior to Plaintiffs' filing of their Motion for a New Trial, and therefore the Court may consider the Motion despite that it was filed more than twenty-eight days after the jury returned its verdict. *See* Fed. R. Civ. P. 58(a) (noting that, with some exceptions, "[e]very judgment and amended judgment must be set out in a separate document.").

Lim filed an Opposition to Plaintiffs' Motion on September 24, 2012, ECF No. 93, and Hutcherson filed a Reply on October 12, 2012, ECF No. 94.

## Standard of Review

Rule 59 of the Federal Rules of Civil Procedure provides that "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "[E]very litigant is entitled to one fair trial, not two," *Glassman Const. Co. v. United States ex rel. Clark-Fontana Paint Co.*, 421 F.2d 212, 215 (4th Cir. 1970), and the decision of whether to grant a motion for a new trial rests within the Court's discretion, *King v. McMillan*, 594 F.3d 301, 314-15 (4th Cir. 2010). The Court will exercise its discretion to grant a new trial if the verdict (1) "is against the clear weight of the evidence"; (2) "is based upon evidence which is false"; or (3) "will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001) (citations omitted). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." 11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, *Federal Practice and Procedure* § 2803 (3d ed. 2012).

## Discussion

**I.  Admission of Final Evaluation from Hutcherson's Physician**

Hutcherson first argues that he is entitled to a new trial because the Court admitted a one-page document captioned, "Final Evaluation." Mot. for New Trial, Pls.' Ex. 1, ECF No. 92-1. The Final Evaluation, dated November 27, 2007, is signed by Dr. Alwin Harding, M.D., of the

2

Medisyn Provider Network. *Id.* It states that Hutcherson's physical injuries had improved, that his "[p]rognosis is good," and includes a note that Hutcherson stated that "he ha[d] improved in many ways." *Id.* Hutcherson argues that the Final Evaluation constitutes hearsay, which is inadmissible under the Federal Rules of Evidence. *See* Fed. R. Evid. 802 ("Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court."); Fed. R. Evid. 801(c) ("'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."); Fed. R. Evid. 801(a) ("'Statement' means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.").

The general rule providing that hearsay is inadmissible is subject to a number of exceptions. Several exceptions—independently and in combination—support the Court's decision to admit into evidence the Final Evaluation. First, the Final Evaluation constitutes an admissible medical record. Rule 803(4) of the Federal Rules of Evidence provides that a statement that "(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause," is "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness." Fed. R. Evid. 803(4). "This exception to the hearsay rule is premised on the notion that a declarant seeking treatment 'has a selfish motive to be truthful' because 'the effectiveness of medical treatment depends upon the accuracy of the information provided.'" *Willingham v. Crooke*, 412 F.3d 553, 562 (4th Cir. 2005) (quoting 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 803.06[1] (Joseph M. McLaughlin, ed., 2d ed. 2004); citing *Morgan v. Foretich*, 846 F.2d 941, 949 (4th Cir. 1988)).

"Admissibility of a statement pursuant to Rule 803(4) is governed by a two-part test: '(1) the declarant's motive in making the statement must be consistent with the purposes of promoting treatment; and, (2) the content of the statement must be such as is reasonably relied on by a physician in treatment or diagnosis.'" *Willingham*, 412 F.3d at 562 (quoting *Morgan*, 846 F.2d at 949). The Court admitted the Final Evaluation during the testimony of Dr. Lawrence Manning, M.D., who Hutcherson called as a witness at trial and who was among the physicians at Medisyn Provider Network who treated Hutcherson during October and November of 2007. The Final Evaluation is directly pertinent to Hutcherson's medical condition—and also relevant to what, if any, damages he incurred from Lim's assault against him—as it includes a physician's notes regarding Hutcherson's condition and Hutcherson's own statement that he had improved. Consequently, the Final Evaluation was admissible under Rule 803(4) because it contains statements that were "relevant to the issues presented at trial." *Willingham*, 412 F.3d at 562. Moreover, there is no evidence that Hutcherson made the statement included in the Final Evaluation "for a purpose other than 'promoting treatment' or diagnoses, and the statement was consistent with that purpose." *Doali-Miller v. SuperValu, Inc.*, 855 F. Supp. 2d 510, 514 (D. Md. 2012) (quoting Fed. R. Evid. 803(4)).

Second, the Final Evaluation constitutes an admissible business record. If a record kept by a medical provider is offered against the patient, as was the case here, the hearsay problem is commonly overcome by combining the business records exception and the admissions doctrine. Rule 803(6) provides that "[a] record of an act, event, condition, opinion, or diagnosis [is not excluded] if . . . the record was made at or near the time by—or from information transmitted by—someone with knowledge; the record was kept in the course of a regularly conducted activity of a business . . . ; making the record was a regular practice of that activity; all these

conditions are shown by the testimony of the custodian or another qualified witness, or by a certification . . . ; and neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6). Medical evaluations like the Final Evaluation at issue are routinely admitted into evidence as business records, as astutely observed by Judge Paul W. Grimm, as follows:

> [A] doctor's report recording his or her examination of a patient is the kind of record "kept in the course of a regularly conducted activity of a business, organization, occupation, or calling." *See* Fed. R. Evid. 803(6)(B). A hospital or medical provider is certainly "a business, organization, occupation, or calling" within the meaning of the rule. *See id.*; *see also* [4 Stephen A. Saltzburg et al., *Federal Rules of Evidence Manual*] § 803.02[7][b], at 803-42 [(8th ed.2002)] ("[T]he term 'business' should be given an expansive reading."). As a result, records "kept by hospitals and doctors often fit the [Rule 803(6)] exception and are routinely admitted." [4 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence*] § 8.81[(3d ed. 2007)]; *id.* ("Records and reports prepared by doctors working outside the hospital setting are equally within reach of the exception."); *Sunkett v. Nat'l Gypsum Co.*, No. 09–0721, 2011 WL 6719776, at *16 (D.N.J. Dec. 21, 2011) ("As a general matter, the Court notes that medical records of treating health care providers are typically admissible under the business records exception." (citing *O'Brien v. Int'l Bus. Machs., Inc.*, No. 06–4864, 2009 WL 806541, at *5 n. 10 (D.N.J. Mar. 27, 2009); *Tenney v. City of Allentown*, No. 03–3471, 2004 WL 2755538, at *1 (E.D. Pa. Nov. 30, 2004))); Fed. R. Evid. 1002 Advisory Committee Note (1972) (noting that hospital records "may be admitted as business records under Rule 803(6)"). The rule's reference to "opinions" and "diagnoses" suggests this result. *See* Fed. R. Evid. 803(6).
>
> \*\*\*[I]t is a "regular practice" of medical providers to make records of their examinations of patients. *See id.* 803(6)(C); *cf. Thomas v. Hogan*, 308 F.2d 355, 361 (4th Cir. 1962) ("There is good reason to treat a hospital [or other medical] record entry as trustworthy. Human life will often depend upon the accuracy of the entry, and it is reasonable to presume that a hospital [or other medical provider] is staffed with personnel who competently perform their day-to-day tasks. To this extent at least, hospital [or other medical] records are deserving of a presumption of accuracy even more than other types of business entries."); *Schmidt v. Riemenschneider*, 265 N.W. 816, 817 (1936) ("A hospital attendant's professional reputation depends in no small measure on his ability to accurately keep such records. A physician's or surgeon's success, in many instances, may depend largely upon the accuracy of these records.").\*\*\*

*Doali-Miller*, 855 F. Supp. at 517-18. "[T]he requirements of Rule 803(6) must be established

5

by a foundation witness." *Id.* at 520. "[T]he foundation witness must 'know enough to say that the record was prepared in the ordinary course of business in the manner contemplated by [Rule 803(6)] (being regularly kept, all participants acting in the ordinary course, source with knowledge, timeliness).'" *Id.* (quoting Mueller & Kirkpatrick, supra, § 8:78."). Here, Lim laid the foundation for the applicability of the business records exception to the Final Evaluation through a witness; namely, Dr. Manning. Lim established through the cross-examination of Dr. Manning that it was the practice at Medisyn Provider Network to keep such records for patient visits.

Hutcherson specifically argues that a statement attributed to him in the Final Evaluation "that he has improved in many ways," constitutes inadmissible "hearsay within hearsay," as it is included within the written Final Evaluation, which on its own is hearsay. The Final Evaluation, as noted above, is itself admissible as a medical record and a business record. Hutcherson's statement is admissible as a statement "made for—and . . . reasonably pertinent to—medical diagnosis or treatment," and that "describes medical history; past or present symptoms or sensations; their inception." Fed. R. Evid. 803(4). Separately, Hutcherson's statement in the Final Evaluation is admissible as an admission by a party opponent under Rule 801(d)(2) of the Federal Rules of Evidence. *See* Fed. R. Evid. 801(d)(2)(A) ("A statement that meets the following condition[] is not hearsay: The statement is offered against an opposing party and . . .was made by the party in an individual or representative capacity."). In sum, the Court properly admitted the Final Evaluation, as it was admissible as a medical record, business record, and party admission.

Even had the Court erred in admitting the Final Evaluation, however, Hutcherson would not be entitled to a new trial on this ground because any error constituted "harmless error." "[T]he Federal Rules of Civil Procedure . . . counsel harmless error review of trial errors: [N]o error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise

disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." *Tire Eng'g & Distrib'n, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 314 (4th Cir. 2012) (quoting Fed. R. Civ. P. 61). "Rule 61 directs courts to disregard any error or defect in the proceeding unless the error is 'prejudicial': It must have affected the outcome of the district court proceedings." *Id.* (citations and internal quotation marks omitted). Here, Hutcherson has not shown—and cannot show— that the purported error affected the outcome of the trial proceedings. Accordingly, the Court will deny Hutcherson's Motion for a New Trial on the ground that the Court admitted the Final Evaluation.

## II.     The Jury Award of Zero Dollars in Actual Damages

Hutcherson lodges three arguments in support of his view that the jury's award of zero damages on his assault and battery claim requires a new trial as to damages, citing Maryland Rule 2-533(c) ("The court may set aside all or part of any judgment entered and grant a new trial to all or any of the parties and on all of the issues, or some of the issues if the issues are fairly severable. . . .").[2] First, Hutcherson argues that the verdict is "inconsistent on its face," or "irreconcilably inconsistent." *See, e.g.*, *Southern Mgmt. Corp. v. Tahu*, 836 A.2d 627, 642 (Md. 2003) (discussing the effect of "irreconcilably inconsistent verdicts" in a civil case). In addition to being meritless because the evidence supported the jury's verdict, as discussed below, this argument cannot be considered because Hutcherson failed to raise it before the jury was discharged. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 726 (4th Cir. 1999) ("[S]hould the objecting party fail to raise the [purported] inconsistency prior to the jury's discharge, the court will effectively lose the opportunity to have the jury reconsider the inconsistency.").

---

[2] This is a rule applicable to Circuit Courts in the Maryland court system. The rule applicable to this Court is Rule 59 of the Federal Rules of Civil Procedure.

7

Second, Hutcherson argues that the verdict was against the "weight of the evidence." *See Buck v. Cam's Broadloom Rugs, Inc.*, 612 A.2d 1294, 1299 (Md. 1992) ("That a jury verdict is against the weight of the evidence is historically a proper ground for the grant of a new trial. . . . [A] claim that the verdict is against the weight of the evidence requires assessment of credibility and assignment of weight to evidence . . . ."). Third, Hutcherson argues that the jury's award of zero damages after it found that he had proven his assault and battery claim should "shock the conscience" of the Court. *See Conklin v. Schillinger*, 257 A.2d 187, 197 (Md. 1969) (declining to find that a trial court "abused its discretion in granting a new trial because the verdict was excessive," where the trial court concluded that "the size of the $100,000 verdict was 'founded upon passion' and was 'so excessive as to shock the conscience of the Court.'").

These latter two arguments can be addressed in tandem. Although the jury found that Hutcherson proved his assault and battery claim, the jury found that he failed to prove any compensatory damages. The evidence presented at trial supports the jury's findings. For example, Hutcherson's primary physician could not indicate with a sufficient degree of certainty that the incident at issue caused his primary medical complaint, a partial rotator cuff tear. Based on this failure to prove damages, together with the differing accounts of the incident itself, the jury was well within its discretion to decide not to award any compensatory damages, and there is no reason that the verdict should "shock the conscience" of this Court.

With respect to nominal damages, there is Fourth Circuit and Maryland legal precedent for the proposition that the Court may enter an award not to exceed one dollar for nominal damages in certain cases. For example, in *Green v. Washington Suburban Sanitary Commission*, 269 A.2d 815 (Md. 1970), the Court of Appeals of Maryland upheld a nominal damages award of one cent for an assault claim, noting that "[a]n assault is one of those technical invasions of a

person's bodily integrity which entitles him at least to nominal damages. He is not entitled to an additional compensatory award unless he can show actual damages from either demonstrable bodily injury or some form of subjective injury such as mental anguish, fright, humiliation, or pain and suffering." *Id.* at 822; *see also Mason v. Wrightson*, 109 A.2d 128, 132 (Md. 1954) ("'It is well settled that every injury to the rights of another imports damages, and if no other damage is established, the party injured is at least entitled to a verdict for nominal damages.'") (quoting *City of Baltimore v. Appold*, 42 Md. 442 (1875)); Maryland Civil Pattern Jury Instructions § 10:11(a) (4th ed. 2008) ("A person who has been assaulted . . . but who has not suffered any actual injury may recover nominal damages of $1.00.").

The Fourth Circuit, at least with respect to violations of rights provided for in the United States Constitution, has held that nominal damages should be awarded in the absence of proof of actual damages. *See, e.g.*, *Price v. City of Charlotte*, 93 F.3d 1241, 1256 (4th Cir. 1996) (holding that because the plaintiffs "did suffer a constitutional violation, but failed to prove emotional distress warranting compensatory damages, we award them nominal damages in the sum of one dollar each."); *Park v. Shiflett*, 250 F.3d 843, 854 (4th Cir. 2001) ("[I]n a case in which a plaintiff's civil rights are found to have been violated, it is appropriate to award nominal damages.\*\*\* A plaintiff's failure to prove compensatory damages results in nominal damages, typically one dollar.\*\*\* The rationale for the award of nominal damages being that federal courts should provide some marginal vindication for a constitutional violation.") (citations omitted).

Here, the jury found that Hutcherson proved his claim of assault and battery. But the jury awarded zero dollars in compensatory damages to Hutcherson for this claim. Hutcherson failed

9

to sufficiently prove actual damages. The Court will enter judgment for one dollar of nominal damages on Hutcherson's assault and battery claim, in light of Maryland law's recognition that a plaintiff may be awarded nominal damages where he has not proved actual damages. The jury found that Hutcherson and his wife failed to prove their claim of loss of consortium against Officer Lim, and therefore the Plaintiffs are not entitled to any damages for this claim.

## **Conclusion**

For the foregoing reasons, the Court will deny the Plaintiffs' Motion for a New Trial on damages only, ECF No. 92, but enter a judgment of one dollar ($1.00) in nominal damages for Hutcherson as to his assault and battery claim. A separate order follows.

Date: April 9, 2013 _____/s/_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE